*Volokh*, et al. *v. Letitia James*,

# Exhibit E to Declaration of Darpana Sheth

Case 1:22-cv-10195-ALC   Document 10-5   Filed 12/06/22   Page 2 of 3

# The Volokh Conspiracy

Mostly law professors | Sometimes contrarian | Often libertarian | Always independent

About The Volokh Conspiracy

FREE SPEECH

## New N.Y. Law Aimed at Getting Social Media Platforms to Restrict "Hateful" Speech

Its operative provisions just require social media platforms to create a mechanism for taking complaints about such "hateful" speech; but the title is "hateful conduct prohibited," and it's clear the legislature is trying to get social media platforms to restrict such speech more.

**EUGENE VOLOKH** | 6.7.2022 3:52 PM

N.Y. General Business Law § 394-ccc, just signed by the Governor yesterday (AB A7865A / SB S4511A) and scheduled to go into effect in six months, provides:

> Social media networks; hateful conduct prohibited.
>
> 1. As used in this section, the following terms shall have the following meanings:
>    a. "hateful conduct" means the use of a social media network to vilify, humiliate, or incite violence against a group or a class of persons on the basis of race, color, religion, ethnicity, national origin, disability, sex, sexual orientation, gender identity or gender expression.
>    b. "social media network" means service providers, which, for profit-making purposes, operate Internet platforms that are designed to enable users to share any content with other users or to make such content available to the public.
> 2. A social media network that conducts business in the state, shall provide and maintain a clear and easily accessible mechanism for individual users to report incidents of hateful conduct. Such mechanism shall be clearly accessible to users of such network and easily accessed from both a social media networks' application and website, and shall allow the social media network to provide a direct response to any individual reporting hateful conduct informing them of how the matter is being handled.
> 3. Each social media network shall have a clear and concise policy readily available and accessible on their website and application which includes how such social media network will respond and address the reports of incidents of hateful conduct on their platform.

> 4. Nothing in this section shall be construed
>    a. as an obligation imposed on a social media network that adversely affects the rights or freedoms of any persons, such as exercising the right of free speech pursuant to the First Amendment to the United States Constitution, or
>    b. to add to or increase liability of a social media network for anything other than the failure to provide a mechanism for a user to report to the social media network any incidents of hateful conduct on their platform and to receive a response on such report.
> 5. Any social media platform that knowingly fails to comply with the requirements of this section shall be assessed a civil penalty for such violation by the Attorney General not to exceed one thousand dollars. Each day such offense shall continue shall constitute a separate additional violation. In determination of any such violation, the Attorney General shall be authorized to take proof and make a determination of the relevant facts and to issue subpoenas in accordance with the civil practice law and rules.

Despite the section heading—"hateful conduct prohibited"—this seems to just mandate platforms to provide a reporting mechanism, and to indicate how they will respond:. Presumably, "we will not take down any such material" or "we might or might not take down any such material, depending on our own editorial judgment" would be a legally permissible response.

Still, both the heading and the body of the law make clear that this regulation is aimed at pushing restrictions on certain viewpoints, and the mandate it imposes is limited to particular viewpoints. Compare a similar law mandating a mechanism to report "anti-American conduct," defined as "the use of a social media network to vilify, humiliate, or incite violence against the United States of America or any state, their governments, or any of their institutions"—both, it seems to me, are based on the viewpoint of the speech they are targeting, and both should therefore be unconstitutional.

By the way, it seems that sites that allow commenting, which enable users to share content with other users and to make it available to the public, would likely be treated as "social media networks" under the definition in the statute. That might be the Conspiracy, for instance, or for that matter Reason.com and many others. We are obviously much smaller than Facebook and Twitter, and only enable commenters to speak to other commenters, but that seems to be a difference of degree and not of kind for purposes of the statute: To be sure, we're not *Internet* service providers of the sort that provide a connection to the Internet, but neither are Facebook and Twitter (at least for most U.S. users).

I therefore have six months to figure out whether to post a policy (which would be "you can complain about whatever you please by e-mailing me at this address, but I will respond and address the complaints entirely based on my own discretion"), or perhaps to challenge the law.

Thanks to Stephen Green (VodkaPundit) for the pointer.