

March 24, 2023

**VIA ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007
ALCarterNYSDChambers@nysd.uscourts.gov

Re: *Volokh v. James*, 1:22-cv-10195, Plaintiffs' Letter Brief in Opposition to Defendant's Letter Motion to Stay the District Court Proceedings Pending Appeal

Dear Judge Carter:

In February, this Court preliminarily enjoined the Online Hate Speech Law, N.Y. Gen. Bus. Law § 394-ccc. After filing a notice of appeal, Defendant New York Attorney General Letitia James, standing in for the State of New York, moved to stay proceedings in this Court, including the State's deadline to respond to the Verified Complaint, ECF No. 1. Without providing any justification to do so, the State asks that all proceedings be stayed until 30 days after the U.S. Court of Appeals for the Second Circuit rules on the appeal of this Court's preliminary injunction. The State already received a three-month extension to file their response to Complaint. Order, ECF No. 26. Because there is no reason for further delay, the Court should deny the motion.

The requested stay is unjustified, indefinite, and unnecessarily delays resolution of Plaintiffs' case. New York is not likely to prevail on the merits of its appeal and will suffer no prejudice if it is required to respond to the Complaint or potentially engage in discovery while its appeal is pending. On the other hand, Plaintiffs and the public interest are both served by expeditious resolution of this case; its resolution will provide certainty as to the constitutionality of New York's Online Hate Speech Law and support this Court's interest in the efficient resolution of cases on its docket. The Court should not allow the State to needlessly delay the "just, speedy, and inexpensive" adjudication of Plaintiffs' case and the First and Fourteenth Amendment rights of our nation's people. Fed. R. Civ. P. 1.

Hon. Andrew L. Carter
March 24, 2023
Page 2 of 7

### I. New York Cannot Satisfy the Requirements for a Stay of Proceedings Pending Appeal.

There is no justification to stay the district court's proceedings. The four factors to be considered in issuing a stay pending appeal are well known: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re 461 7th Ave. Mkt., Inc.*, No. 20–3555, 2021 WL 5917775, at *1–*2 (2d Cir. Dec. 15, 2021) (affirming the denial of a stay pending appeal when the appellant was unlikely to succeed and had not shown that it or the public would suffer harm). The moving party bears the burden of "showing that the circumstances justify" the issuance of a stay. *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Because the State cannot satisfy these factors here, the Court should deny its motion.[1]

#### A. Defendant's Appeal Is Unlikely to Succeed.

New York does not have any likelihood—let alone a "strong" likelihood—of success on the merits. This Court already held that *Plaintiffs* were likely to succeed on the merits because "[t]he Hateful Conduct Law both compels social media networks to speak about the contours of hate speech and chills the constitutionally protected speech of social media users, without articulating a compelling governmental interest or ensuring that the law is narrowly tailored to that goal." Op. and Order 1, ECF No. 29. The Court found that the hateful conduct law likely violated the First and Fourteenth Amendments on its face and as applied to Plaintiffs because it was content- and viewpoint-based, overbroad, and void for vagueness. *Id.* at 14–19.

Given the law's multiple and significant constitutional defects, this Court's preliminary injunction of the law's enforcement, and related Second Circuit precedent emphasizing the impermissibility of laws that compel individuals to "affirmatively espouse the government's position on a contested public issue,"

---

[1] Defendant's opening letter motion did not put forward any justification for the State's request for a stay. After Plaintiffs notified the Court of their opposition to the Stay, the Court set a schedule for substantive letter briefs that provided deadlines for Plaintiffs' opposition and Defendant's reply. Unless the Court agrees that the Defendant's opening letter motion has failed to meet its burden, Plaintiffs should be granted leave to file a sur-reply letter brief responding to Defendant's arguments made for the first time on reply. *Polidoro v. L. Firm of Jonathan D'Agostino, P.C.*, No. 19–CV–1290 (ER) (BCM), 2022 WL 2286951, at *7 (S.D.N.Y. June 23, 2022) ("Courts grant leave to file sur-replies when they address arguments raised for the first time in a reply brief." (internal quotation marks and citations omitted)).

*Evergreen Ass'n, Inc. v. City of New York,* 740 F.3d 233, 250 (2d Cir. 2014) (internal quotation marks and citation omitted), it is not likely that New York can succeed on the merits of its appeal.

### B. Defendant Cannot Show Irreparable Harm Absent a Stay.

Second, the State has not argued and cannot establish that denial of a stay would cause irreparable harm. Irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989) (internal quotation marks and citation omitted); *accord Nken*, 556 U.S. at 434–35 (noting that "simply showing some possibility of irreparable injury fails to satisfy" this second factor for stays pending appeal) (internal quotation marks and citation omitted). Although it is the moving party's burden to show that denying the stay will cause it to suffer irreparable harm, the Defendant's opening letter motion does not include argument that such harm would exist.

Nor can Plaintiffs fathom an "actual and imminent" irreparable harm to the State here. The only potential "harm" that the State may argue is its disagreement with this Court's decision coupled with the potential costs of litigation. But "it is well-established by courts in the Second Circuit . . . that the prospect of incurring litigation costs, even if substantial, is not sufficient to constitute irreparable injury." *Strougo v. Barclays, PLC*, 194 F. Supp. 3d 230, 234 (S.D.N.Y. 2016). As the Supreme Court has noted, "the expense and annoyance of litigation is part of the social burden of living under government" and, accordingly, "[m]ere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury." *F.T.C. v. Standard Oil Co. of Cal.*, 449 U.S. 232, 244 (1980) (rejecting request to review FTC complaint before conclusion of administrative proceedings, notwithstanding substantial burden of defending those proceedings); *see also Daniels v. City of New York*, 138 F. Supp. 2d 562, 564 (S.D.N.Y. 2001) (denying stay pending appeal and rejecting as "without merit" movant's claim that it would suffer irreparable harm in the form of a "significant waste of time and resources" because "litigation costs do not rise to the level of irreparable injury" (citations and internal quotation marks omitted)).[2]

---

[2] If simple disagreement with a district court's resolution of legal or factual issues coupled with the costs of litigation were enough to show irreparable harm, this stay factor would be satisfied in every case. After all, "[i]n every case, a party may have to expend money on discovery that could later be deemed unnecessary if the case is reversed on appeal, but that fact does not transform such expenses into irreparable harm." *Charlot v. Ecolab, Inc.*, No. 18-10528 (KM) (MAH), 2020 WL 1546439, at *3 (D.N.J. Apr. 1, 2020) (citation omitted).

Hon. Andrew L. Carter
March 24, 2023
Page 4 of 7

The State's lack of urgency regarding its preliminary injunction appeal is further evidence that it will not suffer irreparable harm if this case proceeds. Defendant did not move for an expedited appeal or take steps to demonstrate urgency to the Second Circuit. To the contrary, on March 21, 2023, the State requested the maximum amount of time permitted under Second Circuit Local Rule 31.2(a)(1)(A)—a full 91 days from the ready date—to file its opening appellate brief. Case No. 23–356, ECF No. 14. The State seems more interested in delaying adjudication of this case than in determining whether its law is constitutional. Defendant's leisurely approach further demonstrates that no irreparable harm will result from submitting a response to the Complaint and otherwise continuing litigation while its appeal is pending.

### C.   A Stay Will Cause Plaintiffs to Suffer Substantial Injury.

As it relates to the third factor, Plaintiffs are entitled to a prompt resolution of their case and will suffer substantial injury from delay, especially considering the important First Amendment issues at stake. Unnecessary delay, in and of itself, can constitute substantial injury to Plaintiffs. *See, e.g., Daniels*, 138 F. Supp. 2d at 565 (denying defendants a stay pending appeal because delaying "discovery in the hope of obtaining an unlikely reversal would only serve to further delay the progress of this lawsuit . . . [and] would constitute substantial injury to plaintiffs"). Furthermore, Plaintiffs seek a permanent injunction and certainty—for themselves, their stakeholders, and their users, as well as the general public—that they will not be subject to the New York's unconstitutional law. An unnecessary delay will result in continued uncertainty about whether the Online Hate Speech Law will be enforced at a future date, "constitut[ing] substantial injury to plaintiffs," among others. *Id*.

Moreover, a stay will likely result in a prolonged delay in the proceedings. Unlike several other circuit courts of appeals, the Second Circuit does not place preliminary injunction appeals on an expedited or accelerated calendar. L. R. 31.2(b). During the most recent reporting period, the median Second Circuit appeal took 12.2 months from the time of filing a notice of appeal to a last opinion or final order.[3] Of course, resolution of this appeal could take even longer depending on the Second Circuit's and assigned panel's current workload. And either party's decision

---

[3] Federal courts do not separately report on the length of time to adjudicate an appeal of a preliminary injunction, but the 12.2 months statistic is based on cases determined on the merits. Defendant's appeal involves an analysis on the merits of complex First Amendment issues and is therefore substantially similar to other cases determined on the merits. *See* Table B-4. U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2022, https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2022.pdf.

to appeal the Second Circuit's ruling to the Supreme Court would add many additional months of delay.

Granting a stay at this point in the proceeding will punish Plaintiffs with a lengthy delay for successfully seeking a preliminary injunction to prevent enforcement of an unconstitutional law. A preliminary injunction is meant to be a preliminary action to "maintain the status quo pending a trial on the merits." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 226 F. Supp. 2d 401, 411 (S.D.N.Y. 2002), *aff'd,* 331 F.3d 342 (2d Cir. 2003). It is not a justification for delaying district court proceedings for extended periods while awaiting an appeals court's decision.

### D. The Public Interest Favors Vindicating Constitutional Claims Efficiently and Expeditiously.

Finally, the public interest lies with prompt and efficient determination of whether New York's law is constitutional. The public has an interest in vindicating constitutional claims without delay. Enjoining an unconstitutional regulatory scheme "serves the public interest, because . . . the Government does not have an interest in the unconstitutional enforcement of a law." *Amarin Pharma, Inc. v. FDA*, 119 F. Supp. 3d 196, 237 (S.D.N.Y. 2015) (citation and internal quotation mark omitted); *V.W. v. Conway*, 236 F. Supp. 3d 554, 589 (N.D.N.Y. 2017) ("[Public] interest is particularly strong where the rights to be vindicated are constitutional in nature."). The public has an interest in knowing whether websites and social media networks can be compelled to adopt hate speech removal policies and whether their speech will be targeted for removal by the New York Attorney General.

Judicial economy, too, favors allowing Plaintiffs' case to proceed. *See Motorola Credit Corp. v. Uzan*, 282 F. Supp. 2d 133, 138 (S.D.N.Y. 2003) (finding that the court was required to "deny any stay and move forward with the litigation" in order to "advance efficiency and judicial economy"); *see also* Op. and Order, *West v. Smith*, Case No. 2:19–cv–00081–wks, ECF No. 70 (D. Vt. May 22, 2020) (denying a motion for a stay pending appeal of class certification because "there is no economy to be found in staying the case pending appeal").[4] While the State will likely argue that a stay will free up this Court's resources, "that is true of every case." *Glatt v. Fox Searchlight Pictures Inc.*, No. 11–Civ–6784 (WHP), 2013 WL 5405696, at *4 (S.D.N.Y. Sep. 17, 2013) (denying defendant's motion to stay trial

---

[4] Even if the State is successful on appeal, any briefing or discovery that takes place in the interim will not have been for naught. Plaintiffs bring both facial and as-applied claims, and therefore any discovery that takes place in the interim would remain relevant and potentially useful to this Court in resolving Plaintiffs as-applied claims.

pending appeal of court's grant of summary judgement and class certification). Rather, "the public interest is served by the speedy and effective administration of justice, not least in cases of such obvious public interest as this one." *In re Petrobras Sec. Litig.*, 193 F. Supp. 3d 313, 318 (S.D.N.Y. 2016).

Importantly, if the State files a responsive pleading and does not dispute the Complaint's material allegations, this Court may have cause to convert the preliminary injunction into a permanent injunction. This would permit the Second Circuit to hear a consolidated appeal and rule on New York's law in one pass. *See* FRCP 65(a)(2). In addition, should the responsive pleading reveal an unanticipated defect in Plaintiffs' Complaint, Plaintiffs would be able to amend or make other changes while the preliminary injunction appeal is pending, rather than waiting a year or more without progress.

There is no reason to keep this case in limbo. The Defendant has yet to even respond to the Complaint. Because the case hinges entirely on legal rulings, discovery is likely to be limited, if not unnecessary. Productive briefing and limited discovery, if any, can take place while Defendant's appeal is pending.

## II.   Conclusion

Every factor weighs against staying district court proceedings in this case. New York cannot show that it is likely to succeed on the merits of its appeal, as evidenced by this Court's preliminary injunction. Nor can the State show that it is likely to suffer harm, let alone a "strong" likelihood of irreparable harm, in the absence of a stay. To the contrary, a stay will cause *Plaintiffs* to suffer substantial injury. Also, the public interest in knowing whether a law is constitutional, and the efficient adjudication of court proceedings, favors denying Defendant's request for a stay.

The State should not be permitted to further delay Plaintiffs' ability to vindicate their constitutional rights. Defendant's motion to stay all district court proceedings should be denied.

Thank you for Your Honor's consideration of this response and request.

Respectfully submitted,

/s/ Daniel M. Ortner
DANIEL M. ORTNER*
(California State Bar No. 329866)*
DARPANA M. SHETH
(New York Bar No. 4287918)

Hon. Andrew L. Carter
March 24, 2023
Page 7 of 7

                JAMES M. DIAZ*
                (Vermont Bar No. 5014)*
                FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
                510 Walnut St., Suite 1250
                Philadelphia, PA 19106
                Telephone: (215) 717-3473
                daniel.ortner@thefire.org
                darpana.sheth@thefire.org
                jay.diaz@thefire.org

                BARRY N. COVERT
                (New York Bar No. 27118)
                LIPTSITZ GREEN SCIME CAMBRIA LLP
                42 Delaware Ave., Suite 120
                Buffalo, NY 14202
                Tel: (716) 849-1333 x 365
                bcovert@lglaw.com

                *Attorneys for Plaintiffs*

                *Admitted *Pro Hac Vice*

cc: All Counsel of Record (By ECF)