STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8029

March 31, 2023

**BY ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007
ALCarterNYSDChambers@nysd.uscourts.gov

    RE:    *Volokh v. James*, SDNY No. 22 Civ. 10195 (ALC)

Dear Judge Carter:

    This Office represents Defendant Letitia James, sued in her official capacity as Attorney General of the State of New York ("A.G. James") in the above-referenced action. Pursuant to the Court's Order dated March 16, 2023 (ECF No. 34), this letter brief is respectfully submitted in further support of A.G. James's motion to stay these proceeding pending final resolution of that appeal (ECF No. 31).

    On February 14, 2023, this Court issued an Opinion and Order ("Order") granting Plaintiffs' motion to preliminarily enjoin enforcement of N.Y. Gen. Bus. Law § 394-CCC (the "Statute") on the grounds that it violates their constitutional rights. (ECF No. 29.) At the time of the Court's Order, the Statute had never been enforced. A.G. James filed a Notice of Interlocutory Appeal of the Order on March 13, 2023 (ECF No. 30), which is currently pending in the Court of Appeals for the Second Circuit (Docket No. 23-356). On March 14, 2023, A.G. requested "that the Court hold all pending deadlines, including A.G. James' time to respond to the Complaint, in abeyance pending the resolution of the appeal" ("stay request"). (ECF No. 30.) Plaintiffs thereafter opposed the stay request (ECF No. 33) and, at the Court's direction, submitted a letter brief in opposition on March 24, 2023 (ECF No. 35).

    As clearly stated in the stay request, A.G. James seeks only to stay further district court proceedings in the interests of judicial economy and does not seek to stay the effect of the Court's Order enjoining enforcement of the Statute. Because Plaintiffs have already obtained the injunctive relief they seek as the ultimate relief in this case, Plaintiffs are in no way prejudiced by a stay. To the contrary, as demonstrated below, the parties, and indeed this Court, will be subject to significant and potentially unnecessary burden should the requested stay be denied.

    The decision of whether to grant a stay of proceedings under the present circumstances rests firmly within this Court's discretion. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

Hon. Andrew L. Carter, Jr., U.S.D.J.  Page 2 of 4
March 31, 2023

of time and effort for itself, for counsel, and for litigants." *Bakken Resources, Inc. v. Edington*, No. 15-cv-8686 (ALC), 2018 WL 1353271, at *3 (S.D.N.Y. Mar. 15, 2018) quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012) and *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "'[A] court *may* decide in its discretion to stay civil proceedings when the interests of justice seem to require such action.'" *Louis Vuitton Malletier*, 676 F.3d at 97, quoting *SEC v. Dresser Indus.,* 628 F.2d 1368, 1372 (D.C.Cir.1980).

Here, the preliminary injunction requested by Plaintiffs staying enforcement of the Statute has already been granted. (ECF No. 29 at 20). Notably, A.G. James does not ask this Court to stay the preliminary injunction pending appeal. Rather, she seeks only to hold pending deadlines, including her time to respond to the complaint, and further district court proceedings in abeyance pending the appeal. (ECF No. 31.) Thus, other than a speculative and hypothetical delay of the ultimate resolution of the case by issuance of a permanent injunction, there will be no change in the *status quo* if the stay sought by A.G. James is granted. A.G. James will remain enjoined from enforcing the Statute unless and until this Court's order granting a preliminary injunction is vacated or modified by an appellate court, regardless of whether the nomenclature of the applicable order is a preliminary injunction or a permanent injunction. As such, Plaintiffs' claim of prejudice in the event that the requested stay is granted here is baseless.

In their opposition letter brief, (ECF No. 35 at 2), Plaintiffs cite an incorrect standard[1] for granting a stay, ostensibly arguing a standard applicable to a situation where substantive rights will be implicated and possibly altered during the pendency of the stay—which is not the case here. *See, e.g., Ferguson v. Ruane Cuniff & Goldfarb Inc.*, No. 17-CV-6685 (ALC), 2022 WL 420763 at * 1 (S.D.N.Y. Feb. 3, 2022) ("When deciding a motion to stay an injunction pending appeal, a court considers the following four factors: '(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected.'") (quoting *LaRouche v. Kezer*, 20 F.3d 68, 72 (2d Cir. 1994)).

The applicable standard of review here is set forth in *Delgado v. N.J. Transit Rail Operations*, 329 F.R.D. 506, 507-8 (S.D.N.Y. 2019). There, in granting the defendant a stay of discovery and all proceedings pending the outcome of an appeal of issues of its claim of Eleventh Amendment immunity under the Federal Rail Safety Act, the *Delgado* court held that:

> Generally, in deciding whether to stay proceedings, courts in the Second Circuit examine the following five factors:
>
> > (1) the private interests of the plaintiffs in proceeding expeditiously

---

[1] Plaintiffs argue that the applicable standard is "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re 461 7th Ave. Mkt., Inc.*, 2021 WL 5917775, at *1–*2 (2d Cir. Dec. 15, 2021). Unlike the present case, however, that case concerned a requested stay of the disposition of a bankruptcy court order converting a case from Chapter 11 reorganization to Chapter 7 liquidation where the debtor was found to lack the financial wherewithal to perform certain work necessary to assume its lease. *Id.,* 2021 WL 5917775 at *1. There, the Second Circuit concluded that the delay envisioned by the requested stay would result in significant further diminution of the bankruptcy estate. *Id.,* 2021 WL 5917775 at *2. That case, unlike the present case, sought a significant change in the status quo pending appeal.

> with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.
>
> *Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. E.P.A.,* 630 F.Supp.2d 295, 304 (S.D.N.Y. 2009) (collecting cases). In analyzing these factors on a case-by-case basis, "the basic goal is to avoid prejudice." *Id.* (quoting *LaSala*, 399 F.Supp.2d at 427).

*Id.* at 508. *See also Bakken Resources*, 2018 WL 1353271 at *4 (same rule).

Applying each of these factors to the present case strongly supports the grant of a stay.

As to the first factor, there is no prejudice to Plaintiffs. Contrary to the assertions in their opposition letter brief that they "will suffer substantial injury from delay," (ECF No. 35 at 4), the only "substantial injury" Plaintiffs articulate is some hypothetical difference between an appellate court's review of the preliminary injunction and "permit[ting] the Second Circuit to hear a consolidated appeal and rule on New York's law in one pass." (*Id.* at 6.) But this is not injurious to Plaintiffs in any way. Under these circumstances, even if Plaintiffs could demonstrate that the ultimate outcome of this case, including all appeals, will actually be delayed if the requested stay is granted—which they cannot—A.G. James remains enjoined from enforcing the Statute unless and until she obtains a reversal or modification of the preliminary injunction order on appeal. Thus, Plaintiffs cannot show actual prejudice from continuing the present procedural posture of this case if the requested stay is granted.

As to the second factor—which also implicates the fifth factor as A.G. James is a public official employing public resources—if her stay request is denied, A.G. James will have to respond to the allegations contained in the Verified Complaint, while its substance is simultaneously the subject of a parallel appeal. Specifically, A.G. James anticipates at the very least moving to dismiss pursuant to Rule 12(b)(1) on the grounds that Plaintiffs lack standing and/or are not subject to the Statute and pursuant to 12(b)(6) for the same reasons that she asserted in opposition to Plaintiffs' earlier motion for preliminary injunction (*see* ECF No. 21 at 7-22) and that are the subject of the pending appeal. The complaint raises issues giving rise to serious concerns about the standing of each of the Plaintiffs that might require limited jurisdictional discovery. For example, although Plaintiff Volokh alleges that he is engaged in a profit seeking business that derives revenue from operating in New York State (*see, e.g.*, Compl., ECF No. 1, at ¶¶ 90-92), his principal occupation is law professor. Volokh argued that he and his website were not commercial entities to whom the commercial speech doctrine applies (*see* Plaintiffs' Reply Memorandum of Law, ECF No. 23, at 7, "The Volokh Conspiracy is essentially an online newsletter and message board of editorials, articles, and legal commentary—pure speech, not commercial in nature."). Similarly, neither Plaintiff Rumble Canada nor Plaintiff Locals are (according to a recent search of the New York Secretary of State corporate database) authorized to do business in New York. Both appear to be corporate entities operating within a much larger corporate structure. Thus, at a minimum, the Complaint raises issues about whether the suing Plaintiffs are properly within the Statute that will need to be explored should the district court proceedings move forward at this time.

Hon. Andrew L. Carter, Jr., U.S.D.J.  Page 4 of 4
March 31, 2023

Depending on the outcome of the appeal, the potential to avoid unnecessary jurisdictional discovery would be in the interests of both A.G. James and Plaintiffs.

The third factor, the interest of the courts—which also implicates the fourth factor, the interests of non-parties—compellingly favors the granting of the requested stay. The result of the pending appeal of the Court's Order granting a preliminary injunction will very likely be dispositive of the case as a whole. Even in the event of a modification of the preliminary injunction order that is not dispositive of the case in the same manner, the appellate ruling will, nonetheless, serve to guide the Court and the parties concerning key issues in this case. *See Delgado*, 329 F.R.D. at 508 (the outcome of the appellate decision "is likely to have a significant impact on the disposition of this case" and "if this case were to move forward, either for purposes of discovery or for purposes of the filing of a dispositive motion, NJ Transit will incur burden that may turn out to be unnecessary"). By contrast, Plaintiffs' preferred course of action presents a significant risk that the Court and the parties will ostensibly spin their wheels litigating in the district court, only to have their efforts rendered nugatory by the pending appeal.

Accordingly, given the present circumstances, it is respectfully requested that the Court exercise its discretion in the interest of judicial economy to preserve the limited resources of the Court and of the State of New York and grant the stay of proceedings pending appeal. As demonstrated herein, a stay presents no actual prejudice to Plaintiffs. As the issues pertaining to the present stay request are straightforward and the Court has already reviewed two letters from Plaintiffs on this subject, A.G. James opposes their request for a sur-reply.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

 /s/ *Seth J. Farber*
Seth J. Farber
Special Litigation Counsel

cc:   All Counsel of Record (By ECF)