

October 25, 2023

**SENT BY ECF**
Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY, 10007
ALCarterNYSDChambers@nysd.uscourts.gov

> *Re: Volokh v. James*, 1:22-cv-10195, Plaintiffs' Request for a Pre-Motion Conference Regarding Motion to Enforce Preliminary Injunction

Dear Judge Carter:

In February, this Court preliminarily enjoined enforcement of New York's Online Hate Speech Law, including its grant of investigative authority to the New York Attorney General. Mem. and Op., ECF No. 29. On October 12, 2023, Defendant New York Attorney General Letitia James violated this injunction by sending identical investigation letters to six social-media platforms. The platforms included Plaintiff Rumble Canada Inc. (Rumble), Meta, Google, X, TikTok, and Reddit (collectively, the Investigated Platforms).[1]

The letters demanded the Investigated Platforms "describe in detail" their policies, processes, methods, and actions related to third-party-created content on their sites that "may incite violence against Jewish and Muslim people." Ex. A at 1-2. The Attorney General's press release further demanded that the Investigated Platforms "stop the spread of hateful content" and "prohibit the spread of violent rhetoric."[2] After Rumble objected,[3] Attorney General James rescinded her demand to Rumble.[4] However, she did not rescind her demand to the other Investigated Platforms. She therefore continues to violate the Court's order. Accordingly, Plaintiffs request a pre-motion conference in anticipation of Plaintiffs' motion to enforce this Court's preliminary injunction order. *See* Individual Practices of Andrew L. Carter, Jr., 2.A. ("A pre-motion conference with the Court is required before making any motion[.]").

---

[1] The Attorney General's October 12 investigation letter to Rumble is attached as Exhibit A.

[2] The Attorney General's press release is attached as Exhibit B.

[3] Rumble's October 18 written objection is attached as Exhibit C.

[4] The Attorney General's response letter to Rumble is attached as Exhibit D.

510 Walnut Street, Suite 1250  Philadelphia, PA 19106
Phone: 215-717-3473  Fax: 267-573-3073
thefire.org

Hon. Andrew L. Carter Jr.
October 25, 2023
Page 2 of 4

I. **The Court Enjoins Enforcement of the Online Hate Speech Law.**

New York's Online Hate Speech Law requires websites to develop and publish hate-speech policies and reporting mechanisms and to respond to reports of "hateful" content. Gen. Bus. Law §§ 394-ccc(1)–(4). It defines "hateful" content as speech that may "vilify, humiliate, or incite violence against" ten protected classes. *Id*. § 394-ccc(1)(a). The law also empowers the Attorney General with investigative authority to "take proof and make a determination of the relevant facts" to investigate violations. *Id*. § 394-ccc(5).

Last December, Rumble, with Locals Inc. and Professor Eugene Volokh, challenged the Online Hate Speech Law and sought a preliminary injunction. Verified Complaint, ECF No 1. This Court enjoined the law's enforcement, recognizing that it regulated websites in their capacity as "publishers and curators of speech," and impinged on their First Amendment-protected editorial discretion. Mem. and Op., ECF No. 29 at 17. The law "both compels social media networks to speak about the contours of hate speech and chills the constitutionally protected speech of social media users[.]" *Id*. at 1. The preliminary injunction is currently pending appeal at the U.S. Court of Appeals for the Second Circuit, but it remains in effect.[5]

II. **The Attorney General Sends Rumble an Investigation Letter and Rescinds It After Rumble Objects.**

On October 12, in response to the flaring Israeli-Palestinian conflict, the Attorney General sent investigation letters to the Investigated Platforms titled "Removing Calls for Violence on the [Investigated Platforms]." Ex. A at 1. These letters contain 11 intrusive interrogatories regarding the Investigated Platforms' policies, processes, methods, and actions. The interrogatories demand, for example, that each platform detail "how the company is identifying, removing, and blocking the re-uploading of," how they respond to user reports of, and how they are "disciplining, suspending, and/or banning users for posting" this "hateful" content. *Id.* at 1–2.

The Attorney General's October 13 press release announcing the investigation letters went further. It accused "social media" of being "widely used by bad actors to spread horrific material, disseminate threats, and encourage violence." Ex. B at 1. The press release demands that the Investigated Platforms explain "the steps they are taking to stop the spread of hateful content encouraging violence against Jewish and Muslim people." *Id.* The release also noted that the letters are part and parcel of the Attorney General's repeated "action[s] to hold social media companies accountable and limit dangerous material from spreading online." *Id.* at 2.

On October 18, Rumble sent a letter to Attorney General James demanding that the investigation letters be rescinded. On October 19, her office withdrew its investigation letter to Rumble, but not the letters to the other Investigated Platforms.

---

[5] The State sought and received a stay of all proceedings pending appeal over the Plaintiffs' objection, Order, ECF No. 37, but explicitly did not seek a stay of the injunction. *See* Def. Ltr. Br. Supp. Stay, ECF No. 36 (noting that Defendant "does not seek to stay the effect of the Court's Order enjoining enforcement of the Statute").

### III. The Court Must Enforce Its Injunction of the Online Hate Speech Law to Stop Attorney General James from Investigating Websites for "Hateful" Content.

Attorney General James should not be permitted to flout this Court's injunction by investigating websites' policies, practices, methods, and actions regarding the subject matter of the Online Hate Speech Law. An injunction "must be obeyed until modified or dissolved[.]" *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 176 (2d Cir. 2001). Accordingly, where injunctions are violated, courts "grant the movants . . . [] proper relief" and enforce the injunctions to prevent further violations. *Class v. Norton*, 507 F.2d 1058, 1060 (2d Cir. 1974); *see also New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 327-28 (S.D.N.Y. 2010) (granting a motion to enforce a preliminary injunction and noting the court's "complete power over its interlocutory orders").

Here, this Court enjoined enforcement of the Online Hate Speech Law in its entirety, including the investigation provision in § 394-ccc(5). Mem. and Op., ECF No. 29 at 20. But the Attorney General's letters seek "to take proof and make a determination of relevant facts," N.Y. Gen. Bus. Law § 394-ccc(5), concerning speech that "may incite violence" against groups based on their protected class statuses (i.e., religion, ethnicity, and national origin)—the exact subject matter of the Online Hate Speech Law. Ex. A at 1; *Cf.* N.Y. Gen. Bus. Law § 394-ccc(1).

Furthermore, the Attorney General's letters, particularly when paired with her press release, share the Online Hate Speech Law's goal of pressuring social media platforms to chill and/or remove protected speech. For example, they refer to "removing" content ten times, and repeatedly seek the production of policies related to "identifying," "blocking," or "banning" users posting "hateful" content. Ex. A at 1–2.

This Court rightly admonished the State's efforts to pressure social media companies to adopt these types of "special measures" because they "could make social media users wary about the types of speech they feel free to engage in without facing consequences from the state." Mem. and Op., ECF No. 29 at 18. The Attorney General's investigation letters and press release perpetuate the chilling effect this Court's injunction is meant to prohibit. *See id*. at 16–19.

### IV. Conclusion

In light of the Attorney General's non-compliance with this Court's injunction, the Plaintiffs will seek orders requiring the Defendant to: (1) rescind the October 12 investigation letters and publicly announce their rescission; (2) provide copies of all documents related to these letters, and any documents received as a result of their investigation or any other similar investigation since February 14, 2023; (3) stop investigating, requesting, or demanding information from websites regarding subjects that fall within the scope of the Online Hate Speech Law; and (4) provide other appropriate relief as the court deems warranted, such as Defendant paying Plaintiffs' attorneys' fees incurred in responding to the investigation letters and enforcing this Court's injunction. Plaintiffs therefore request a pre-motion conference concerning Defendant's violation of the preliminary injunction and to prevent further violations.

Hon. Andrew L. Carter Jr.
October 25, 2023
Page 4 of 4

Respectfully submitted,

/s Daniel M. Ortner
DANIEL M. ORTNER*
(California State Bar No. 329866)*
JAMES M. DIAZ*
(Vermont Bar No. 5014)*
FOUNDATION FOR INDIVIDUAL RIGHTS
   AND EXPRESSION
510 Walnut St., Suite 1250
Philadelphia, PA 19106
Telephone: (215) 717-3473
daniel.ortner@thefire.org
jay.diaz@thefire.org

BARRY N. COVERT
(New York Bar No. 27118)
LIPTSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Ave., Suite 120
Buffalo, NY 14202
Tel: (716) 849-1333 x 365
bcovert@lglaw.com
*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

cc:    All Counsel of Record (By ECF)

Encl.